UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| THE HANOVER INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CV-10-TAV-BHG |
| | ) | |
| JOLLEY BUILDING, LLC, | ) | |
| EDGAR JOLLEY and | ) | |
| LAURA F. JOLLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on the Motion for Default Judgment against Defendants relative to Plaintiff's complaint for indemnity and equitable relief [Doc. 21]. Defendants have failed to answer or otherwise defend this action and the Clerk has entered default against them [Doc. 13].

**I.  Background**

Defendants executed an Agreement of Indemnity with Plaintiff for the issuance of surety bonds in connection with a general contract pertaining to the University of Tennessee Knoxville Sorority Housing Project (Alpha Delta Pi Bond, Sigma Kappa Bond, and Kappa Delta Bond). The Principal was declared in default under the contract for its failure to (1) properly furnish labor and materials; (2) pay its subcontractors and suppliers for labor and materials furnished to the project; (3) coordinate, sequence, and supervise work; (4) properly secure work; and (5) pursue work in a diligent manner and

in accordance with relevant schedules. Certain of the subconstractors and/or suppliers have submitted claims in connection with labor and/or materials furnished in relation to the Project. By reason of having executed the Bonds for the Project, Plaintiff has sustained losses, costs, and expenses, including attorneys' and consultants' fees as a result of the Defendants' failure to exonerate, indemnify, and hold harmless Plaintiff pursuant to the provisions of the Indemnity Agreement. Plaintiff filed a complaint for indemnity and equitable relief pursuant to 28 U.S.C. §2332(a) and 28 U.S.C. § 2201(a). [Doc. 1].

Defendants/Indemnitors have failed to plead and/or otherwise defend this action within the time limits set forth in the Federal Rules of Civil Procedure. The Clerk entered a default against Defendants/Indemnitors on April 1, 2013 [Doc. 13].

On May 1, 2013, Plaintiff filed a Motion for Default Judgment against Defendants relative to Count I (Specific Performance of the Indemnity Agreement -- Collateral Security), Count II (Specific Performance of the Indemnity Agreement -- Books and Records), and Count III (Damages for Breach of the Indemnity Agreement) [Doc. 14].

On May 6, 2013, the Court granted the Motion for Default Judgment and entered a judgment jointly and severally against the Defendants for:

    a. Specific performance of Paragraph 3 of the Agreement of Indemnity executed by the Indemnitors, requiring them to deposit collateral security with Hanover in an amount no less than $5,800,000.00;
2

    b. Specific performance of Paragraph 8 of the Agreement of Indemnity executed by Indemnitors, requiring them to provide full and free access to their books and records;

    c. Liability under the Agreement of Indemnity, requiring the Indemnitors to indemnify Hanover for all claims, demands, liabilities, costs, charges, suits, judgments and expenses which Hanover may sustain or incur, including interest, court costs, consultants' fees and attorneys' fees, by reason of having (i) executed surety bonds on behalf of the Principal, (ii) making an independent investigation of any claim, demand or suit under any bond issued on behalf of the Principal, (iii) in defending any suit, action, or other proceeding brought against Hanover under any surety bond issued on behalf of the Principal, and (iv) in enforcing the covenants and terms of the Agreement of Indemnity.

[Doc. 15]. The Default Judgment fully resolved Count I and Count II of the Complaint. The Default Judgment also established the Defendants' liability to Plaintiff under Count III of the Complaint, but the Default Judgment left open the amount of damages arising from the Defendants' breach of the Indemnity Agreement at issue in this action. The Default Judgment further provided that "nothing herein is a waiver of any right of Hanover to hereinafter seek a damages judgment against the Defendants under the Agreement of Indemnity." *Id.*

Plaintiff states that since the Court entered the Default Judgment, Hanover's damages against the Defendants/Indemnitors have become liquidated. Plaintiff therefore seeks default judgment against the Defendants with respect to the damages component of Count III of the Complaint because the damages have been liquidated to a sum certain [Doc. 21-1]. In support of the motion, Plaintiff has submitted the Affidavit of David L. Styers, Senior Bonds Claims Representative for the Hanover Insurance Company [Doc. 21-3].

## II. Discussion

Federal Rule of Civil Procedure 55(b)(1) provides:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Plaintiff asserts that Hanover's claims against Defendants are for a sum certain, justifying entry of a judgment against Defendants, who have been defaulted for not opposing and who are neither minors nor incompetent persons.

Defendants executed an Agreement of Indemnity in favor of Plaintiff on September 29, 2009 [Doc. 1, Ex. 1]. Paragraph 2 of the Indemnity Agreement provides:

> The Indemnitors shall exonerate, indemnify, and save harmless the Surety from and against every claim, demand, liability, cost, charge, suit, judgment and expense which the Surety may pay or incur, including, but not limited to, loss, interest, court costs and consultant and attorney fees: (a) by having executed or procured the execution of the bonds; or (b) in making an independent investigation of any claim, demand, or suit; or in defending any suit, action, mediation, arbitration or any other proceeding to obtain release from liability whether the Surety, in its sole discretion, elects to employ its own attorney or permits or requires Indemnitors to defend the Surety; or (d) in enforcing any of the covenants, terms and conditions of this Agreement.

*Id.* In reliance upon Defendants' execution of the Indemnity Agreement, Plaintiff issued a number of performance bonds and payment bonds on behalf of the Principal (collectively the "Bonds") [Doc. 21-3]. By reason of the Principal's default under the contracts covered by the Bonds (collectively the "Bonded Contracts"), Plaintiff has incurred and continues to incur, claims, demands, liabilities, costs, charges, suits,

4

judgments, and/or expenses, for which Defendants are obligated to indemnify Plaintiff under the Indemnity Agreement. *Id.* As the first Default Judgment determined the Defendants' liability to Plaintiff under the Indemnity Agreement, the only remaining issue to be resolved is Plaintiff's damages for the Defendants' breach of the Indemnity Agreement.

As reflected by the Affidavit of David Styers, Plaintiff was forced to establish a reserve in the amount of $5,588,982.00 with respect to the costs to complete the Bonded Contracts and to resolve the numerous claims that were asserted against Plaintiff under the Bonds. *Id.* Plaintiff has paid $2,658,991.00 from the Reserve to third-parties in relation to the completion of the Bonded Contracts and the resolution of the Bond claims. Because the remaining funds in the Reserve are set aside and separately accounted for relative to future costs to complete the Bonded Contracts and resolve the Bond claims, the current amount of the Reserve ($2,929,991.00) reflects further, additional losses and expenses incurred by Plaintiff for which the Defendants are liable under the terms of the Indemnity Agreement. *Id.*

In addition to the sums paid from the Reserve, Plaintiff has also paid $149,263.72 for expenses and costs, including the fees and disbursements of counsel and consultants, for which Defendants are liable under the terms of the Indemnity Agreement. *Id* Accordingly, Plaintiff's total damages relative to Count III of the Complaint total $5,738,245.72, which represents (1) $2,658,991.00 paid to third-parties from the Reserve;

5

(2) $2,929,991.00 remaining in the Reserve; and (3) $149,263.72 in expenses and costs paid relative to the Bonds. *Id.*

Plaintiff's Complaint seeks to enforce, among other things, Hanover's legal, equitable and contractual right to be indemnified, exonerated and saved harmless from all losses and expenses, including fees and disbursements of counsel and consultants, which Hanover has sustained or incurred as a result of (1) having executed the Bonds on behalf of the Principal; (2) making an independent investigation of any claim, demand or suit under the Bonds; (3) defending any suit, action, or other proceeding brought against Hanover under the Bonds; and (4) enforcing the covenants and terms of the Indemnity Agreement.

Pursuant to Paragraph 3 of the Indemnity Agreement, "vouchers or other evidence of payment by [Plaintiff] shall be conclusive evidence of the fact and amount of such liability, necessity, or expediency and of the Indemnitors' liability to [Plaintiff] therefore." [Doc. 1-2]. The Styers Affidavit [Doc. 21-3] shall be considered a sworn statement and voucher of the payments for which the Defendants are liable under the terms of the Indemnity Agreement. Therefore, the Court finds that Plaintiff's damages are for a sum certain as required under Federal Rule of Civil Procedure 55(b)(1). As reflected by the Styers Affidavit [Doc. 21-3] and as explained above, Plaintiff has incurred losses and expenses, including fees and disbursements of counsel and consultants, in the current amount of $5,738,245.72 as a result of (1) having executed the Bonds on behalf of the Principal; (2) making an independent investigation of any claim,

6

demand or suit under the Bonds; (3) defending any suit, action, or other proceeding brought against Hanover under the Bonds; and (4) enforcing the covenants and terms of the Indemnity Agreement.  Therefore, the Court finds that Defendants are liable to Plaintiff for damages in the amount of $5,738,245.72 pursuant to the terms of the Indemnity Agreement.  Accordingly, the Court will **GRANT** Plaintiff's Motion for Default Judgment [Doc. 21] and enter judgment in favor of Plaintiff against Defendants in the amount of $5,738,245.72.

    ENTER:

                                  s/ Thomas A. Varlan
                                  CHIEF UNITED STATES DISTRICT JUDGE